(99 App. Div. 353)

DE RESZKE v. DUSS.

(Supreme Court, Appellate Division, First Department. December 23, 1904.)

1. GUARANTY—PRINCIPAL CONTRACT—CONCURRENT EXECUTION—CONSIDERATION.
　　Where a guaranty appeared at the foot of a singer's engagement contract, and, though dated the day succeeding the date the parties entered into the contract, was substantially contemporaneous therewith, the consideration supporting the principal contract was sufficient to support the guaranty.

2. SAME—CERTAINTY.
　　J. having covenanted to engage plaintiff for a concert tour, defendant guarantied the performance of the within contract "so far as they pertain to said" J. Held, that the misuse of the pronoun "they" instead of "it" in such guaranty did not render the same unenforceable for lack of certainty.

Appeal from Special Term, New York County.

Action by Edouard de Reszke against John S. Duss. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

W. V. Goldberg, for appellant.

E. A. Alexander, for respondent.

PATTERSON, J. This action is brought upon a contract of guaranty. The allegations of the complaint are that one Robert E. Johnston entered into a written contract with the plaintiff, which contract is annexed to the complaint; that the defendant guarantied the performance of the contract by Johnston. A copy of the guaranty written upon the contract is also annexed to the complaint. Appropriate allegations are then made in that pleading of the breach of the contract by Johnston, and of such facts as are necessary to the maintenance of an action against a guarantor. In the contract it is recited that whereas Mr. Johnston had arranged for a concert tour of the Duss Metropolitan Orchestra, and being desirous of engaging the services of Mr. de Reszke as soloist, therefore, in consideration of $1 and mutual promises, Mr. Johnston covenanted to engage the services of Mr. de Reszke at four concerts a week for a period of five weeks, and to pay him the sum of $1,000 for his services for each concert. Various other stipulations are made, not now necessary to mention. In addition to the payment of the sum mentioned, Mr. Johnston stipulated to deposit $5,000 to the credit of Mr. de Reszke in bank, as security for five final concerts at which he was to sing under the contract. The complaint alleges a total breach of the contract in every respect and an abandonment of the same by Mr. Johnston. The guaranty is in the following words: "I hereby guarantee the performance of the within contract so far as they pertain to the said R. E. Johnston. J. S. Duss." The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and from the interlocutory judgment entered thereon this appeal is taken.

It is urged that the guaranty is ineffectual to create liability, for the reasons, first, that, under the statute of frauds, it is void because it does not state a consideration; second, because it is vague and indefinite, and does not indicate whether it is a guaranty operating in favor of the plaintiff or of Johnston. So far as the expression of a consideration is concerned, the objection to the complaint is not well taken. The guaranty appears at the foot of the agreement, and was made substantially contemporaneously therewith, although it is dated the 24th of March, while the contract itself recites that it was entered into between the parties on the 23d of March. It is well settled that where a contract of guaranty is entered into concurrently with the principal obligation, a consideration which supports the principal contract supports the subsidiary one also. The cases establishing that proposition are cited in

Cahill Iron Works v. Pemberton, 48 App. Div. 469, 62 N. Y. Supp. 944, affirmed 168 N. Y. 649, 61 N. E. 1128.

Concerning the point of the insufficiency of the guaranty for failure to disclose the party in whose favor it was made, we agree with the court below that it rests upon a very refined and strained construction. Though awkward in expression, its meaning is obvious. It is a guaranty of the performance of the contract by R. E. Johnston. It relates to performance. The words are, "So far as they pertain to the said R. E. Johnston." It evidently means so far as it (performance) pertains to said R. E. Johnston. What was guarantied was that Johnston would carry out his agreement. The subject of the guaranty being performance, the inartificial use of a pronoun does not render vague or obscure the meaning and intent of the guarantor as a contracting party. There is really no ambiguity nor uncertainty about it. It seems to us perfectly plain, as matter of construction, what the guarantor intended and what is expressed, although it is in ungrammatical form.

The interlocutory judgment should be affirmed, with costs, with leave to the defendant to withdraw demurrer and to answer on payment of costs in this court and in the court below. All concur.